Van Voorhis, J.
(concurring in part with Fuld, J.). In my view this was a ‘ ‘ sensitive ’ ’ employment, but petitioner was discharged upon the sole ground specified in the Security Bisk Law, viz., that he was a bad security risk: in the legislative language, that his retention in this position “ would endanger the security or defense of the nation and the state ” (L. 1951, ch. 233, § 5, as extended). He was not charged with insubordination in refusing to answer questions relating to matters that *379 might affect his qualifications for his work by reason of past or present affiliations. He was discharged upon an affirmative finding of fact that he was a bad security risk, of which there was no evidence except that he had invoked the Fifth Amendment. I concur in the part of Judge Fuld’s opinion in which he reasons that invoking the Fifth Amendment does not have probative force to establish that petitioner has engaged in subversive conduct or to establish that in his position of employment he ‘ ‘ would endanger the security or defense of the nation and the state ”, and that using it as evidence thereof constitutes a denial of due process of law.
For these reasons, in my judgment, the order appealed from should be reversed.
Desmond, Dye, Froessel and Burke, JJ., concur with Conway, Ch. J.; Fuld, J., dissents in an opinion in which Van Voorhis, J., concurs, in part, in a separate memorandum.
Order affirméd.